IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

HARIS N. KHAN et al.,

    Plaintiffs,

v.                                          CASE NO. 1:22-cv-0044-RH-GRJ

NAVIENT CORPORATION,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

*Pro se* Plaintiff, Haris N. Khan ("Khan"), initiated this case by filing and signing an unverified "Complaint at Law and Equity." ECF No. 1. In the Complaint, Khan attempted to assert claims on behalf of himself and *pro se* co-plaintiff, Savid Ali, against Defendant student loan servicer, Navient Corporation ("Navient"),[1] for alleged violations of the Truth in Lending Act ("TILA") and the Fair Debt Collection Practices Act ("FDCPA"), as well as related state law claims for negligent and fraudulent misrepresentation. *Id*.

---

[1] Navient is in the business "originating, marketing, servicing, and collecting federal and private student loans." *Pennsylvania v. Navient Corp.*, 354 F. Supp. 3d 529, 533 (M.D. Pa. 2018).

On February 18, 2022, the Court struck the Complaint, primarily because a *pro se* plaintiff cannot represent anyone other than himself. [2] ECF No. 5.  The Court also denied Plaintiffs' Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"), because each plaintiff must file such a motion and only Khan did, and the Court could not ascertain whether Khan qualified to so proceed.  *Id*.  Further, the Court analyzed each of the claims asserted in the Complaint, pointing out the many deficiencies and affording Plaintiffs an opportunity to amend and file separate complaints and separate IFP Motions— this time using the appropriate court-approved forms.  *Id*.[3]

On April 20, 2022, Khan had not amended his IFP Motion, paid the filing fee, or amended the Complaint as directed.  Consequently, the Court ordered Khan to show good cause as to why this case should not be

---

[2] *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself,'") (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)); *see also Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity). "Although a non-attorney may appear in propria person in his behalf, that privilege is personal to him." *C.E. Pope Equity Trust*, 818 F.2d at 697.

[3] "The Court need not—and ordinarily will not—consider a petition, motion, or complaint that is not field on the proper form."  N.D. Fla. Loc. R. 5.7(A).  Further, "[a] civil action shall not be filed by the clerk until the fee is paid . . . unless the complaint or petition is accompanied by a motion for leave to proceed *in forma pauperis* [IFP]." N.D. Fla. Loc. R. 5.1(H).

dismissed for failure to prosecute and for failure to comply with an order of the court. ECF No. 6. The Court warned Plaintiffs that failure to respond by the court-imposed deadline of May 4, 2022, would result in a recommendation that this case be dismissed without further notice. *Id*. That deadline has long since passed, and Plaintiffs have not responded.

Accordingly, the undersigned respectfully **RECOMMENDS** dismissal of this case for failure to prosecute, failure to comply with a court order, and because Plaintiffs abandoned this cause when Khan subsequently filed a separate lawsuit asserting federal claims related to the student loan at issue here. *See Haris Khan v. Navient Corp*., Case No. 1:22-cv-73-MW-GRJ (N.D. Fla.).

## I. BACKGROUND FACTS

The events relevant to Plaintiffs' claims are set forth in an unverified Complaint. ECF No. 1 (STRICKEN). In the Complaint, Plaintiffs allege that they defaulted on a student loan that was signed by Salyid Ali ("Ali") as primary borrower and co-signed by Harris Khan ("Khan"), Ali's relative. ECF No. 1 at 2. The loan was taken out in 2008 to pay the tuition for Ali's Master's degree program. *Id*. Due to "severe economic circumstances," Ali was not able to make payments on the loan. *Id*. Khan could not make payments either because he lost his job. *Id*. In 2012, Khan filed for

bankruptcy protection.[4]  ECF No. 1-1 (SEALED) at 1.  Ali then reached out to Navient for relief.  Rather than provide a repayment plan as requested, Navient "forced" Plaintiffs into "forbearance" and "accumulate[ed] interest rates that are without any basis."  ECF No. 1 at 2.

In November of 2021, Navient sent Plaintiffs' names to "credit bureau agencies," negatively impacting their credit scores.  *Id*. at 3.  A barrage of robocalls by Navient to Khan ensued as Navient sought to collect the debt owed on the loan.  *Id*.  Robocalls to Khan were made as many as six (6) times per day, beginning at 5:30 a.m. and ending at 10:30 p.m. from October 18, 2021 to February 15, 2022.  *Id*.; ECF No. 1-1 (SEALED) at 6-17.

On January 16, 2022, Ali requested, in writing, that Navient cease the robocalls, but the robocalls continued nonetheless.  ECF No. 1-1 (SEALED) at 1-2.  For relief, Plaintiffs seek an unspecified amount in

---

[4] A student loan is not discharged in a chapter 7 bankruptcy case unless the Court determines that repayment of the debt would constitute an undue hardship. 11 U.S.C. § 523(a)(8).  Until a judicial determination is made of "undue hardship," educational debts are presumptively non-dischargeable, meaning that it is incumbent on a debtor to bring an action to have a student loan adjudicated dischargeable, otherwise, the debt will not be subject to a court's order of discharge. *Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 450 (2004) (§ 523(a)(8) is "self-executing" so that "[u]nless the debtor affirmatively secures a hardship determination, the discharge order will not include a student loan debt."). *Tenn. Student Assistance Corp*. 541 U.S. at 450.

compensatory damages, $1 million for emotional pain and suffering, and $5 million in punitive damages. *Id*. at 9.

## II. DISCUSSION

### A. Failure to Prosecute/Comply with Court Order.

"[U]nder Federal Rule of Civil Procedure 41(b), a district court may *sua sponte* dismiss a suit for failure to prosecute or failure to comply with an order." *Brown v. Blackwater River Corr. Facility*, 762 F. App'x 982, 985 (11th Cir. 2019); *see also Foundry v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) (federal courts possess an inherent authority to dismiss a complaint for failure to comply with a court order); *Sheraton Atlanta Hotel*, 618 F. App'x 987, 989-91 (11th Cir. 2015) (affirming dismissal of *pro se* complaint with prejudice for failure to comply with court orders where district court had given plaintiff detailed instructions on how to amend the complaint and plaintiff failed to amend in compliance with the order). While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, is permitted. *See State Exch. Bank v. Hartline,* 693 F.2d 1350, 1352 (11th Cir. 1982).

Nevertheless, dismissal is a sanction of last resort that requires findings of "willful delay or conduct" and that "lesser sanctions will not

suffice." *Jacobs v. Atlanta Police Dep't*, 685 F. App'x 827, 831 (11th Cir. 2017). In the present case, Plaintiffs failed to cure deficiencies in their pleading that the Court pointed out three months ago. Any sanction short of dismissal will not remedy Plaintiffs' non-compliance. Dismissal of this case is appropriate. *Garrett v. Birmingham Police Dep't*, 769 F. App'x 899, 900-01 (11th Cir. 2019); *Watts v. Ford Motor Co.*, 648 F. App'x 970, 972-73 (11th Cir. 2016).

Finally, amending the complaint would be futile because Plaintiffs have abandoned this case by asserting claims related to the student loan in question in a separate lawsuit. *See, e.g., Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Hall v. United States*, 367 F.3d 1255, 1263 (11th Cir. 2004) (district court may properly deny leave to amend when such amendment would be futile).

**B.   Plaintiffs Abandoned this Case.**

In February of this year, the Court alerted Plaintiffs to the deficiencies in the Complaint and the IFP Motion. Rather than attempt to cure those deficiencies in this action, Khan filed a separate *pro se* lawsuit on March 25, 2022, seeking relief arising from the same student loan at issue in this case. *See Haris N. Khan v. Navient Corp.*, Case No. 1:22-cv-73-MW-GRJ (N.D. Fla.). It is thus evident to the Court that Plaintiffs have abandoned

6

this particular action in favor of the other.

### III.   CONCLUSION

In view of the foregoing and upon due consideration, the undersigned respectfully **RECOMMENDS** that this case should be **DISMISSED** for failure to prosecute, failure to comply with a court order, and because this case has been abandoned in favor of another lawsuit.

**IN CHAMBERS** in Gainesville, Florida this 20th day of May 2022.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PLAINTIFFS

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.